USCA1 Opinion

 

 July 12, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2024 GREGORY T. MURRAY, Plaintiff, Appellant, v. PENOBSCOT COUNTY DISTRICT ATTORNEY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ____________________ Gregory T. Murray on brief pro se. _________________ Jeffrey M. Silverstein, Assistant District Attorney, on brief for ______________________ appellee R. Christopher Almy, District Attorney County of Penobscot. Paul W. Chaiken, Michael A. Hodgins, and Rudman & Winchell on ________________ ___________________ __________________ brief for appellee Bangor Police Department. ____________________ ____________________ Per Curiam. Murray appeals from the dismissal of __________ his 1983 complaint filed against the Penobscot County District Attorney and the Bangor Police Department. We affirm substantially for the reasons stated in the magistrate judge's August 23, 1933 recommended decision, adding these comments. 1. We agree that the district attorney was immune from damages liability with respect to his decision not to prosecute appellant. Harrington v. Almy, 977 F.2d 37, 40 ___________________ (1st Cir. 1992). 2. We turn to appellant's false arrest, illegal detainment, and illegal search and seizure claims against the police department. Citing to Monell v. Department of Social _______________________________ Services, 436 U.S. 658, 690 (1978), the magistrate's report ________ correctly informed Murray that these claims were subject to dismissal because liability could not be imposed absent allegations that the harm was inflicted pursuant to an official policy or custom. Despite that notice, Murray made no attempt to correct the complaint's deficiency. There simply are no allegations, as there must be to sustain a 1983 suit, linking a department policy or custom with any constitutional violation. Monell, 436 U.S. at 691-94; see ______ ___ also Canton v. Harris, 489 U.S. 378, 385 (1989); Bordanaro v. ____ _________ ______ ____________ McLeod, 871 F.2d 1151, 1157 (1st Cir.), cert. denied, 493 ______ _____ ______ U.S. 820 (1989). Because the magistrate's report provided appellant with sufficient notice of his complaint's deficiencies, and because appellant failed timely to correct those inadequacies, the complaint was properly dismissed. Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir. 1991) ( ________________ 1915(d) dismissal did not violate Neitzke v. Williams, 490 ____________________ U.S. 319 (1989), where magistrate's report gave plaintiff notice of his complaint's factual deficiencies and an opportunity to cure). Affirmed. ________ -3-